IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CHARLES D. GALLOWAY**                                                            **PETITIONER**

**v.**                                          **No. 3:20CV196-DMB-RP**

**JUDGE JOHN GREGORY**                                        **RESPONDENT**

**ORDER DENYING PETITIONER'S
MOTIONS [29], [36], [38] FOR EVIDENTIARY HEARING**

This case comes before the court on the petitioner's motions [29], [36], [38] for an evidentiary hearing. Under the Anti-Terrorism and Effective Death Penalty Act, ("AEDPA"), requests for an evidentiary hearing are evaluated in accordance with 28 U.S.C. § 2254(e)(2). *Murphy v. Johnson*, 205 F.3d 809, 815 (5th Cir. 2000). When a *habeas corpus* petitioner has failed to develop the factual basis of a claim, his entitlement to an evidentiary hearing is restricted to the narrow exceptions of subsection (e)(2), which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the application shows that–
>
> (A) the claim relies on–
>
> > (i) a new rule of constitutional law, made retroactive to cases on collateral r eview by the Supreme Court, that was previously unavailable; or
> >
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). These exceptions apply where the failure to develop the facts of claim is solely the result of a decision or omission of the petitioner himself. *Murphy*, 205 F.3d at 815. Overcoming the restrictions in § 2254(e)(2) does not, however, guarantee a petitioner an evidentiary

hearing, it merely "opens the door for one;" the district court retains the discretion to grant or deny an evidentiary hearing. *Id.* Further, a full and fair hearing does not necessarily require live testimony; a paper hearing can be sufficient to afford a petitioner a full and fair opportunity to present factual issues pertinent to his case. *Id., see also Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996). Finally, where a district court has before it enough facts to make an informed decision regarding the merits of a claim, the court may refuse to grant an evidentiary hearing, even where the state court made no explicit factual findings. *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

The court has reviewed the file and records of this case, has applied the analysis above, and has not encountered any claims the petitioner raises requiring an evidentiary hearing. The petitioner can present his claims in written form without the need for a live hearing. For this reason the petitioner's request for evidentiary hearing is denied. However, if later in the case an evidentiary hearing appears necessary, the court will order one *sua sponte*.

It is therefore **ORDERED** that the petitioner's motions [29], [36], [38] for an evidentiary hearing are **DENIED.**

This, the 20th day of August, 2021.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE