IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CHARLES D. GALLOWAY**                                                             **PETITIONER**

**V.**                         **NO. 3:20-CV-196-DMB-RP**

**JUDGE JOHN GREGORY**                                            **RESPONDENT**

**OPINION AND ORDER**

Before the Court is pre-trial detainee Charles Galloway's pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons explained below, the State's motion to dismiss will be granted, and Galloway's petition will be dismissed for mootness, failure to state a claim, and failure to exhaust state remedies.

**I**
**Procedural History**

On or about June 23, 2020, Charles D. Galloway filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Doc. #1 at 4. Between July 9, 2020, and December 2, 2020, Galloway filed various titled and untitled documents in which he repeats or expounds on the claims in his petition or asserted new claims.[2] *See* Docs. #13, #16, #17, #18, #20, #22, #23, #25. Many of these filings attached documents filed in the state courts; articles or excerpts from articles[3] discussing various constitutional claims regarding habeas and civil rights actions for incarcerated

---

[1] Galloway filed a form complaint for a 42 U.S.C. § 1983 action challenging conditions of confinement. However, based on its substance, on September 30, 2020, the Court construed the filing as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See* Doc. #14.

[2] During this time, Galloway filed additional documents he titled as a "motion." *See* Docs. #7, #8, #9, #21, #24. Such filings were dismissed. Docs. #35, #40, #41.

[3] Some of these filings were identical to prior filings.

persons (with highlighting and underlining of legal theories and legal definitions); handwritten notes; and other documents presumably filed in support of his claims.[4]

On December 9, 2020, the State filed a motion to dismiss the petition on grounds of mootness, failure to state a claim, and failure to exhaust state remedies. Doc. #26 at 13–25. The State filed the state court record on December 14, 2020. Doc. #27. Galloway filed a response to the motion to dismiss on December 29, 2020.[5] Doc. #28. The State filed a reply on January 11, 2021. Doc. #30. Following the completion of briefing on the motion to dismiss, Galloway filed additional documents referencing the claims in his petition.[6] *See* Docs. #32, #34.

## II
## 28 U.S.C. § 2241

A petition brought under § 2241 may be granted if the inmate "is in custody in violation of the Constitution or laws … of the United States." 28 U.S.C. § 2241(c)(3). A pretrial detainee who has not yet been tried for the offense in question has a right, albeit limited, to invoke federal habeas corpus relief under § 2241. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 488–89 (1973). The scope of the limitation turns upon the type of relief sought. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976). Generally, "an attempt to dismiss an indictment or otherwise prevent a prosecution" does not arise under § 2241 absent "special circumstances," but "an attempt to force the state to go to trial" may, following exhaustion of state remedies. *Id*. at 1282–83.

"Special circumstances" are those on which a "federal court cannot await a final ruling by [a] state court[], because the integrity of a federal right is threatened." *Vassar-El v. Orleans Par.*

---

[4] *See* Doc. #16 at PageID 74–90; Doc. #17 at PageID 95; Doc. #18 at PageID 99–107; Doc. #22 at PageID 120–24; Doc. #25 at PageID 137–41.

[5] That same day, Galloway also filed a document in which he asks this Court to "move forward with the writ of habeas corpus still being denied." Doc. #29 at PageID 346.

[6] Galloway filed three additional documents titled as a "motion." *See* Docs. #29, #36, #38. These filings were similarly dismissed. Doc. #39.

*Prison*, No. 18-838, 2018 WL 4462544, at *2 (E.D. La. Sept. 18, 2018); *see Champer v. Florida*, No. 6:14-cv-1966, 2014 WL 7070079, at *2 (M.D. Fla. Dec. 15, 2014) (citing *Younger v. Harris*, 401 U.S. 37 (1971) for the proposition that "special circumstances" under § 2241 usually require a showing of "immediate and irreparable injury"). "Three sets of circumstances typically qualify as 'special': (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Vassar-El*, 2018 WL 4462544, at *2. "[S]pecial circumstances are not necessarily established by the alleged infallibility of the federal claim." *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1974). Even if a petitioner is correct regarding the viability of his or her defenses in the state criminal action, special circumstances are not present where the "threat to the [petitioner's] federally protected rights can be eliminated by the defense of a single criminal prosecution" in state court because the state court is "surely capable of recognizing and vindicating [the petitioner's] position." *Id.*

### III
### Factual Background

#### A. Pre-Indictment

On October 18, 2019, Galloway was arrested and confined at the Union County Detention Center pursuant to two Union County Justice Court arrest warrants for the charges of aggravated assault and kidnapping. Docs. #26-1, #26-2. Three days later, the State filed a "Motion to Deny and Hold Without Bail" in the Union County Circuit Court based on its position that Galloway "pos[ed] a substantial risk of flight and/or a danger to the community." Docs. #26-3, #26-4. The same day, the Union County Circuit Court entered an "Order to Hold Defendant Pending Hearing." Doc. #26-5. The following day, Galloway appeared before the Union County Justice Court for a

preliminary hearing at which his case was bound over to the Circuit Court and a court date was set for April 14, 2020. Doc. #26-6.

On February 12, 2020, the Mississippi State Hospital filed a letter in the Union County Circuit Court along with a copy of the report on Galloway's mental evaluation, which resulted in Galloway being found incompetent to stand trial on March 5, 2020. Docs. #26-9, #26-10. Galloway was to be committed to a mental health facility for "competency restoration." Doc. #26-10 at PageID 187.

During the pendency of his Union County Circuit Court proceedings, Galloway filed various documents in both the Union County Circuit Court and the Mississippi Supreme Court relating to his arrest and detention.[7] On May 6, 2020, Galloway filed a pro se pleading titled, "Motion for Dismissal," claiming that he was falsely accused, "illegally held" without indictment, denied bond, and denied proper legal assistance, and that his discovery requests and habeas motion had been ignored. Doc. #27-1 at PageID 314. On May 27, 2020, the Mississippi Supreme Court denied Galloway's motion, explaining in relevant part:

> Galloway presents multiple allegations (e.g., "falsely accused[;]" discovery requests "ignored[;]" "denied proper legal assistance[;]" "denied bond"), yet he *fails to provide file-stamped documentation that any such relief has been sought in the trial court*. Accordingly, the undersigned Justice finds this motion should be denied.

Doc. #26-15 (emphasis added).

---

[7] After his preliminary hearing and before his indictment, Galloway filed several letters with the Union County Circuit Court alleging additional claims and facts which the Circuit Court did not address. *See* Docs. #26-7, #26-11. Galloway also filed in the Mississippi Supreme Court several letters, an untitled document, and multiple motions, either alleging or discussing various constitutional claims and facts in support, requesting help to obtain release, and listing facts supporting his defense, including attachments discussing identical or similar legal theories as submitted to this Court. *See* Doc. #27-1 at PageID 218–19, 243, 255, 283, 289, 294, 302–06. None of these filings were addressed by the Mississippi Supreme Court.

4

On July 13, 2020, the Mississippi Supreme Court received a "Motion for Release" filed by Galloway in which he alleged that the length of his detention in Union County was "unreasonable" and that he had been in custody approximately 270 days without indictment, referencing the "statutory 270-day rule." Doc. #27-1 at PageID 277. He also appeared to assert his right to a speedy trial under the Sixth Amendment, stating he was "pleading the Sixth." *Id.* Two days later, the Mississippi Supreme Court denied his "Motion for Release" for the same reason it denied his motion for dismissal—failure to provide stamp-filed documentation that he had sought relief in the trial court. Doc. #26-16.

On July 24, 2020, the Mississippi Supreme Court received a "Motion for the Writ of Habeas Corpus, and No Bill of Attainder" filed by Galloway in which he again challenged his detention in the Union County Detention Center, alleging that the Union County Circuit Court denied his "motion of discoveries;" that he was "being denied access to the courts" because of his inability to fill out proper paperwork; and that, because "[t]he circuit court has not objected to any of [his] statements, [the circuit court] admitted [he was] telling the truth." Doc. #27-1 at PageID 250. The Mississippi Supreme Court denied this motion on September 8, 2020, finding only that "[a]fter due consideration, … this pleading should be denied." Doc. #26-17.

### B. Indictment

On October 21, 2020, Galloway was indicted for aggravated assault and kidnapping in the Union County Circuit Court.[8] Doc. #26-12. On November 13, 2020, he was served with the indictment and arraigned. Docs. #26-13, #26-14. During the arraignment hearing, the state court provided a detailed account of the procedural history of Galloway's case, along with the status of

---

[8] The State submits that "the grand jury in Union County meets twice per year—in March and October" and that "the March 2020 grand jury was postponed due to COVID-19; therefore, Galloway was indicted at the next available grand jury on October 21, 2020." Doc. #26 at 5 n.2.

5

his detention and pending admission to the Mississippi State Hospital. Doc. #26-14 at 2–3. The state court also explained to Galloway that he was only recently entitled to discovery since he was indicted several weeks earlier, rendering his prior discovery claims premature. *Id.* at 6–7. Further, the state court advised Galloway that he was entitled to discovery, discovery would be provided to him, and his transfer to a state mental health facility was still pending. *Id.* at 8–9.

## IV
## Analysis

In his petition, Galloway alleges the following constitutional violations: (1) improper denial of bond;[9] (2) due process violations for being held without indictment for almost a year; and (3) unnamed unconstitutional acts being "committed on [him]." Doc. #1 at PageID 4. He seeks (1) dismissal of the charges against him and release from custody; (2) money damages for the various constitutional violations he alleges; and (3) punishment of "the people" for the alleged commitment of "unconstitutional acts" against him. *Id.* at PageID 5.

In addition to the claims in the petition, Galloway alleges the following claims in various documents subsequently filed in conjunction with his petition:[10] denial of the right to a speedy trial[11] and a demand for the same;[12] various "Equal Protection" violations;[13] various "Due Process" violations;[14] various violations related to the assistance of his counsel;[15] an unconstitutional "bill

---

[9] *See* Doc. #16 at PageID 73; Doc. #28 at PageID 325 (emphasizing Eighth Amendment "right to bail").

[10] It is unclear if Galloway intended these documents to support his petition. However, as he directly references his petition or the claims contained within it in the documents, and as the State's motion to dismiss also references many of these documents, the Court, without deciding whether they are part of the petition, reviews them here.

[11] Doc. #16 at PageID 73; Doc. #17 at PageID 96; Doc. #28 at PageID 321–25.

[12] Doc. #23 at PageID 129.

[13] Doc. #18; Doc. #22 at PageID 120-21; Doc. #23 at PageID 128-29.

[14] Doc. #20 at PageID 111; Doc. #23 at PageID 129; Doc. #28 at PageID 328.

[15] Doc. #23 at PageID 129.

of attainder;"[16] conflict of interest;[17] disability discrimination;[18] violations related to the conditions of his confinement;[19] denial of discovery;[20] and denial of his writ of habeas corpus by the state court.[21]

The State submits that Galloway's claims fall into three basic categories: moot claims, claims on which there is no right to recovery under § 2241, and unexhausted claims. Doc. #26. Due to the multitude of claims made by Galloway, the Court will use that framework for its review.

### A. Moot Claims

Galloway challenges his lack of indictment from the date of his incarceration on October 18, 2019, until his petition was filed under the Equal Protection Clause, and alleges his right to discovery regarding the charges resulting in his incarceration has been violated.[22]

A § 2241 petition becomes moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007). The question of mootness is jurisdictional because it implicates the Article III requirement that a live controversy exist at all stages of federal court proceedings. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). "A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke*, 150 F. App'x 329, 331

---

[16] Doc. #34.

[17] Doc. #23 at PageID 126–27, 129.

[18] Doc. #22 at PageID 118.

[19] Doc. #28 at PageID 321; Doc. #22 at PageID 120-22.

[20] Doc. #16 at PageID 73, 84–86, 90; Doc. #18 at PageID 105; Doc. #23 at PageID 126 (citing to Mississippi Rule 4.03 and stating that all discovery "must be completed within 90 days"); Doc. #28 at PageID 321; Doc. #34 at PageID 368.

[21] Doc. #23 at PageID 126; Doc. #34.

[22] It is unclear under which constitutional provision Galloway intends to bring his discovery claim, as he mentions his right to discovery in conjunction with the Seventh Amendment, *see* Doc. #16 at PageID 73, the Equal Protection Clause of the Fourteenth Amendment, *see* Doc. #23 at PageID 126, and his right to due process of law, *see* Doc. #28 at PageID 321.

(5th Cir. 2005). A case may also become moot when an "intervening factual event … causes the [petitioner] to no longer have a present right to be vindicated or a stake or interest in the outcome." *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998).

Since the filing of his petition, Galloway was indicted on October 21, 2020, for aggravated assault and kidnapping in the Union County Circuit Court and was arraigned at a hearing on November 13, 2020. Docs. #26-12, #26-13, #26-14. At the arraignment hearing, the state court granted Galloway's discovery request. *See* Doc. #26-14 at 6–9 (instructing the State to provide Galloway and his counsel with discovery). As Galloway was indicted and granted discovery at the hearing, the claims for such must be dismissed as moot.

## B. No Right to Recovery

### 1. Indecipherable claims

Dismissal of a claim has been deemed appropriate where the Court is unable to determine the nature of a petitioner's claims. *Rice v. Warden*, No. 1:14-cv-732, 2015 WL 5299421, at *4 (S.D. Ohio Sept. 9, 2015), *report and recommendation adopted*, 2015 WL 6104354 (S.D. Ohio Oct. 16, 2015).

> Principles requiring generous construction of *pro se* pleadings are not without limits. District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would require the courts to explore exhaustively all potential claims of a *pro se* plaintiff, and would transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.

*Carter v. Quarterman*, No. 3-07-cv-0388, 2008 WL 361004, at *1 n.1 (N.D. Tex. Feb. 6, 2008) (cleaned up). This Court is unable to determine what Galloway intends to claim by his reference to a "bill of attainder" or his allegation that his rights under the Seventh Amendment have been

8

violated. *See* Doc. #34 at PageID 368; Doc. #16 at PageID 73. Accordingly, such claims will be dismissed.

### a. Bill of attainder

In his "Object to Dismissal of Evidentiary Hearing,"[23] Galloway alleges a violation of his constitutional rights has occurred with respect to his discovery requests, followed by the phrase "no bill of attainder,"[24] which is followed by the underlined phrase, "still being denied by discovery." Doc. #34 at PageID 368. Galloway's reference to a bill of attainder is indecipherable as drafted because he does not explain or otherwise discuss why he references a bill of attainder or how it relates to any of his claims. As the Court is unable to ascertain how a bill of attainder relates to the claims made, Galloway's "bill of attainder" claim is dismissed for failure to state a claim.

### b. Seventh Amendment right to discovery

In his supplemental document titled, "Motion the Court For: writ of habeas corpus," filed October 5, 2020, among other claims, Galloway asserts, "I have been ignored fax confirmation from the Jail to Union County Circuit Court Motion for Discovery only to be ignored that is violation of the 7th Amendment RIGHT." Doc. #16 at PageID 73.

The Seventh Amendment states:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

---

[23] It is unclear if Galloway intended this document to support his petition. However, as he directly references his petition in the document, the Court, without deciding the document is part of the petition, reviews it here. *See* Doc. #34.

[24] "The Supreme Court has defined a bill of attainder as 'a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial.'" *Kovac v. Wray*, No. 3:18-cv-00110, 2020 WL 6545913, at *2 (N.D. Tex. Nov. 6, 2020) (quoting *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468 (1977)).

U.S. Const. amend. VII. The Court is unable to ascertain how the Seventh Amendment right to a jury trial is implicated in conjunction with Galloway's demand for discovery. As such, Galloway's Seventh Amendment claim is dismissed for failure to state a claim.

### 2. Money damages

Galloway seeks money damages for every day he has been unlawfully held. Doc. #1 at 5; Doc. #33. Monetary compensation, however, is not an available habeas remedy. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."). Galloway's demand for monetary compensation must be dismissed accordingly.

### 3. Conditions of confinement

Galloway lists the following with respect to the conditions of his confinement in support of his equal protection claim: lack of access to reading material, solitary confinement with no access to television, no response to his "grievance forms" relating to the conditions of his confinement, and alleged denial of medical and dental care.[25]

Where a petitioner's claims concern the conditions of his confinement which, if rectified, would not accelerate his or her release, they are not cognizable under § 2241 and should instead be brought in a civil rights action. *Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009) (petitioner's claims relating to his conditions of confinement—asbestos exposure, medical treatment, retaliation, and loss of legal notes—were not proper under § 2241 as success on such claims would not accelerate his release). To the extent the Court understands Galloway's claims regarding his lack of reading materials, television, response to grievances, and denial of medical

---

[25] Doc. #22 at PageID 118, 120-21; Doc. #23 at PageID 128.

and dental care, none, if remedied, would accelerate his release from prison. They therefore are not properly before the Court in this habeas proceeding and will be dismissed.

### 4. Conclusory allegations

Galloway alleges in conclusory fashion (1) various "unconstitutional acts" against him[26] and requests punishment of "the people" for their commission;[27] (2) this Court's "conflict of interest" because it lies in the same district as the Union County Circuit Court;[28] (3) discriminatory treatment due to his disabilities;[29] and (4) various equal protection claims.[30] But he fails to state any facts to support these allegations.[31] "[C]onclusory allegations do not raise a constitutional issue in a habeas proceeding." *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). As Galloway has not asserted any facts to support these allegations,[32] they must be dismissed for failure to state a claim upon which relief could be granted.

### 5. Dismissal

In his petition and submissions in support, Galloway seeks dismissal of the charges against him through this Court's pre-trial review of evidence regarding his defenses to the criminal

---

[26] Doc. #1 at PageID 4.

[27] *Id.* at PageID 5.

[28] Doc. #23 at PageID 126–28.

[29] Doc. #22 at PageID 118.

[30] *See* Doc. #20 at PageID 111 (asking the question: "How does one get equal protection when they can't read or write properly?"); Doc. #16 at PageID 73 (alleging he is "not being treated equally by the law or the court"); Doc. #18 (seeking equal protection as they "do not treat [him] the same"); Doc. #23 at PageID 128 (demanding "immediate enforcement of the Fourth Law" which he claims states that "violation of Protection Rights is a criminal offense, which states that the governing body state must treat an individual in the same manner as others in similar conditions and circumstances"). The Court interprets Galloway's "Fourth Law" reference as a reference to the Equal Protection clause of the Fourteenth Amendment, which contains similar language.

[31] For example, in his letter to the Court, Galloway alleges discrimination due to disabilities but fails to explain both the discriminatory treatment he allegedly received and the nature of his alleged disability. Doc. #22 at PageID 118.

[32] Even as to his conflict of interest claim, though Galloway attempts to provide supporting evidence, he admits his "evidence" is based only on unsubstantiated theory and not fact, stating, "[t]he decision maker of the United States court *may be* socially envolved [sic] with certain Mississippi State officials which *might* be influencing his or her decision …." Doc. #23 at PageID 126 (emphasis added).

11

charges.[33] Where a pre-trial detainee seeks to "dismiss an indictment or otherwise prevent a prosecution" on the state court charges pending against him, review is not available under § 2241, absent special circumstances. *Brown v. Estelle,* 530 F.2d 1280, 1283 (5th Cir. 1976) (quoting *Braden*, 410 U.S. at 490). As Galloway has not argued that any "special circumstances" require disruption of the State's judicial process, and any threat to his federally protected rights can be eliminated by his defense at trial in state court, this Court cannot review (nor dismiss) the charges against him prior to his trial in state court. This claim too then must be dismissed for failure to state a claim.

### C. Failure to Exhaust

Galloway alleges he has been denied bond in violation of the Eighth Amendment,[34] has been denied access to the courts in violation of the due process[35] and equal protection[36] clauses, has been denied the effective assistance of counsel,[37] and seeks to enforce the right to be brought to trial under the Sixth Amendment.[38]

As discussed above, absent special circumstances related to adjudication of the merits of an affirmative defense to a state criminal charge, a prisoner seeking habeas corpus relief in federal court must first exhaust all claims, which requires such claims to be presented to the highest state court in a *procedurally proper* manner. *See Rome v. Kyle*, No. 93-5551, 1994 WL 708768, *3 (5th

---

[33] Galloway claims he is entitled to an evidentiary hearing before this Court to prove his innocence. Doc. #28 at PageID 321-22 (seeking an evidentiary hearing regarding his denial of discovery and to prove there is no evidence against him for the crimes he has been charged with); Doc. #34 (arguing an "evidentiary hearing will prove [him] innocent). This Court has previously denied Galloway's motions for evidentiary hearing. Doc. #39.

[34] Doc. #1 at PageID 4; Doc. #16 at PageID 73.

[35] *See supra* note 14. To the extent Galloway's due process claims involve discovery, they are deemed moot.

[36] *See supra* note 13.

[37] *See supra* note 15.

[38] *See supra* note 12. While it is clear from the various pleadings and papers filed that Galloway seeks to enforce his right to be brought to trial, it appears he does not wish to be brought to trial anywhere in the Mississippi state court system. *See* Doc. #23 at PageID 129.

Cir. Nov. 30, 1994) (emphasis added). If a petitioner fails to exhaust his claims before seeking federal habeas relief, his federal habeas petition ordinarily must be dismissed. *Id.* at *2–3 (affirming district court's dismissal without prejudice of § 2241 complaint for failure to exhaust).

Exhaustion is not solely based on following proper procedure at the state level, however. A federal habeas corpus petitioner also fails to exhaust his state remedies when he relies on a different legal theory or new facts in his federal pleading than previously presented in state court. *Dispensa v. Lynaugh*, 847 F.2d 211, 217–18 (5th Cir. 1988). "[V]ague references to such expansive concepts as due process and fair trial" do not meet the exhaustion requirement. *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001). Ultimately, where "a defendant perceives a constitutional claim … he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim" or because it may "find favor" in the federal courts. *Dispensa*, 847 F.2d at 217.

Exhaustion is required for claims involving the Eighth Amendment bail clause,[39] ineffective assistance of counsel,[40] the right to a speedy trial,[41] and the due process[42] and equal protection clauses.[43] As the Mississippi Supreme Court is the highest state court for criminal matters in Mississippi, *see Jackson v. Anderson*, 112 F.3d 823, 825 (5th Cir. 1997), only those claims submitted by Galloway in a procedurally appropriate manner which were addressed by the

---

[39] *See Jenkins v. Harvey*, 634 F.2d 130, 131–32 & n.2 (4th Cir. 1980) (requiring exhaustion of state remedies prior to review of state bail orders).

[40] *See Lewis v. Rader*, No. 11-2665, 2012 WL 777328, at *1 (E.D. La. Mar. 7, 2012) (discussing the exhaustion requirement for ineffective assistance of counsel claims in habeas proceedings).

[41] *Brown*, 530 F.2d at 1282.

[42] *Wilder*, 274 F.3d at 260 (explaining that due process claims must be exhausted and that "vague references to such expansive concepts as due process and fair trial" do not meet the exhaustion requirement).

[43] *See Earhart v. Johnson*, 132 F.3d 1062, 1065–66 (5th Cir. 1998) (discussing the "exhaustion requirement" for equal protection claims in habeas proceedings).

Mississippi Supreme Court containing the same facts and legal arguments as those submitted to this Court may be deemed exhausted.

Of the numerous motions and documents Galloway filed in the Mississippi Supreme Court, three were addressed and denied.[44] *See* Doc. #27-1 at PageID 220, 248, 310. Galloway's "Motion for Release," which set forth Sixth Amendment "speedy trial" violations relating solely to being held without indictment,[45] and his "Motion for Dismissal" asserting constitutional violations for denial of bond, discovery, and habeas,[46] were denied on procedural grounds for failure to "provide file-stamped documentation that any such relief has been sought in the trial court." *See* Doc. #27-1 at PageID 220 (denying motion for release), PageID 310 (denying motion for dismissal). Galloway's motion for habeas relief,[47] which addressed claims regarding his lack of indictment since his arrest and alleged discovery violations, was summarily denied. *Id.* at PageID 248, 250.

Because both the "Motion for Release" and "Motion for Dismissal" were denied on procedural grounds, they, and the claims the claims they assert relating to bond,[48] ineffective assistance of counsel, and any demand to be brought to trial contained within them, are not deemed exhausted. Such claims must be dismissed without prejudice for failure to exhaust state remedies. Finally, as Galloway has been indicted and has been allowed discovery, the issues raised in the motion for habeas are moot and the issue of exhaustion need not be addressed.

---

[44] Galloway does not discuss exhaustion in his petition or any submissions.

[45] Doc. #27-1 at PageID 277–78.

[46] *Id.* at PageID 314.

[47] *Id.* at PageID 250.

[48] Galloway's Eighth Amendment argument regarding denial of bail also fails because the Eighth Amendment "says nothing about whether bail shall be available at all." *United States v. Salerno*, 481 U.S. 739, 752 (1987); *see Carlson v. Landon*, 342 U.S. 524, 545–46 (1952) ("[The Excessive Bail Clause of the Eighth Amendment] has never been thought to accord a right to bail in all cases, but merely to provide that bail shall not be excessive in those cases where it is proper to grant bail.") As Galloway cannot now argue that his bail was excessive and instead argues he should have been granted bail, there is no relief under the Eighth Amendment even if his claims regarding bail were exhausted.

# V
# Conclusion

The motion to dismiss [26] is **GRANTED**. Galloway's petition for writ of habeas corpus [1] is **DISMISSED without prejudice**.[49] A final judgment will issue.

**SO ORDERED**, this 30th day of September, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[49] While a court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant" who brings a § 2254 petition, such is not necessary for § 2241 petitions. *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005); *see Montano v. Texas*, 867 F.3d 540, 547 n.8 (5th Cir. 2017) ("Because Montano is correctly proceeding under 28 U.S.C. § 2241, a certificate of appealability is not required.")